BARNARD-GILES-MOSES COMPANY, Appellants, v.
CHRISTY, Respondent.

(168 N. W. 737).

(File No. 4341.   Opinion filed September 3, 1918.)

1.   **Sales—Recovery for Installed Machinery—Vendee's Failure to Provide Installation Site, Effect re Defense.**

   Where, under a contract of sale by plaintiff to defendant of certain machinery including a cream separator, the machinery to be installed at defendant's farm home, **held**, that the defense of failure to install the separator was untenable, it appearing that defendant prepared no place for its installation after same was unloaded and for some time thereafter; a member of plaintiff's company being present at time of delivery and willing to install same.

2.   **Sales—Oral Contract of Sale of Machinery, No Part Payment—Statute of Frauds, Acceptance as Affected By.**

   Vendee's defense of the statute of frauds, under an oral

contract of sale to him of various machines of the value of more than $50, that no part thereof had been accepted by him and that no part of purchase money had been paid, involved a question which trial court should have submitted to jury, and error was committed in directing verdict for defendant; the contract being admittedly a valid oral one and that the machinery was delivered.

3.    Evidence—Recovery for Machinery Sold—Statement and Acts of Vendee's Agent re Installation of Machinery, Competency—Instruction.

Where vendee of creamery machinery, in a suit against him to recover purchase money, defended on ground that, without excuse by plaintiff, separator had never been installed; it appearing that at time of delivery one H, defendant's foreman, stated in effect to a member of vendor firm that the separator might be set aside for a time and until expiration of defendant's contract for selling milk in town; held, that plaintiff's offer to prove certain transactions and conversations by and with H other than those to which he had already testified, was improperly rejected as irrevalant, incompetent, hearsay and not binding on defendant; there being evidence tending to show that H was acting as defendant's agent throughout the transaction; and question of agency should have been submitted to jury with an instruction that if it existed, H's declaration bound defendant, that otherwise they should be disregarded.

Appeal from Circuit Court, Davison County. Hon. Frank B. Smith, Judge.

Action by Barnard-Giles-Moses Company, a corporation, against W. F. Christy, to recover purchase money under a sale of farm machinery. From a judgment on directed verdict, dismissing the action and from an order denying a new trial, plaintiff appeals. Reversed.

*Lauritz Miller,* for Appellant.

*H. G. Giddings,* for Respondent.

(2) To point two of the opinion, Appellant cited:

Dinnie et al v. Johnson, 77 N. W. 612 N. D.

POLLEY, J.   This action was brought for the recovery of the purchase price of a milking machine, a cream separator, and a gasoline engine alleged to have been sold to defendant by plaintiff. As a defense defendant pleaded the statute of frauds, and also alleged that the machinery was delivered to defendant on 30 days' trial, at the end of which time defendant was to purchase said machinery if it proved satisfactory in every way, but that, if it

did not prove satisfactory, he was not to purchase it. He then alleged that, upon a 30 days' trial, it did not prove satisfactory; and he refused to make such purchase.

At the close of plaintiff's testimony defendant moved for a directed verdict, up in the grounds; "first, that it appears from the evidence that, if any contract for the sale was ever made, the machinery involved was to be installed ready for use; and that it appears from the evidence that the cream separator had not been installed, and that there was no evidence to show that plaintiff had been excused or prevented by defendant from installing the same; and, second, that the contract between plaintiff and defendant was a mere oral contract for the sale of personal property of the value of more than $50, and that no part of the property sold had ever been accepted by defendant, and that no part of the purchase price had ever been paid. This motion was granted, and judgment dismissing plaintiff's complaint on the merits was entered. From this judgment and an order denying a motion for a new trial, plaintiff appeals.

The contract, as stated by defendants in his brief, was as follows:

"The defendant, in person, called at plaintiff's place of business and orally requested plaintiff to install upon his farm a gasoline engine, milking machine, and cream separator, which plaintiff orally promised to do, the talk being that, when the machinery was installed, defendant would pay therefor the sum of $335. The conversation between the parties contemplated the installation and subsequent purchase of three machines as one transaction and for one price."

The evidence shows that defendant went to plaintiff's place of business, and, after looking over various machines, made a selection, and told a member of plaintiff's firm to "put it in." By this he meant that plaintiff was to set up and install the said machinery where it was to be used on defendant's farm. On the following day defendant sent one Hanson (who was employed by defendant as foreman and general manager of defendant's farm) with a team and wagon to haul said machinery out to defendant's farm, and a member of plaintiff's company went out to said farm, and, under the directions of said Hanson, installed the gasoline engine and milking machine, but no place had been prepared for the cream

separator, and, when it was unloaded from the wagon, Hanson said:

"We will just set the separator off here. We are selling the milk in town, and we won't have any use for it until after the expiration of our contract with the creamery, and we will set it off here, and I will take care of it."

[1] It does not appear that any place was ever prepared for the separator, nor was plaintiff ever notified that defendant was ready to have it set up. It also appears from the evidence that defendant used the milking machine, and no complaint was ever made that it was not in all respects as represented, nor that it did not do the work it was intended to do. It does not appear how long the machine had been used, when defendant, without giving any reason for changing his mind, notified plaintiff that he did not want it, and for plaintiff to take it out. The only particular in which plaintiff did not literally comply with the contract was in its failure to set up the cream separator, but this was wholly the fault of defendant in not preparing a place for the separator and permitting plaintiff to set it up as agreed upon.

[2] Under the second ground of the motion, the only question is: Was there such an acceptance of the machinery by the defendant as would take the transaction out of the statute of frauds? It is admitted that there was a valid oral contract for the sale and delivery of the machinery, and it is admitted that such machinery was delivered to defendant. Whether it was accepted by defendant is a question of fact that should have been submitted to the jury, and the trial court committed error in directing a verdict for defendant.

[3] During the trial plaintiff offered to prove certain transactions and conversations that took place with the said Hanson other than those above set out. This testimony was rejected by the court on the ground that it was irrelevant, incompetent, hearsay, and not binding upon the defendant. This testimony should have been received. There was evidence tending to show that Hanson was acting as agent for defendant throughout the entire transaction, and, if such were the case, then evidence of statements made by him at the time of and in connection with his agency was competent and binding upon the defendant. The question of agency was one of fact that should have been submitted to the jury, with an instruc-

tion that, if such agency existed, Hanson's declarations were binding upon the defendant, but that, if he were not such agent, then such declarations should be disregarded.

The judgment and order appealed from are reversed.